FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 22 2026 ★
LONG ISLAND OFFICE

UNITED STATES COURT DISTRICT FOR
THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DEON M. MEERABUX | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | Case No.: CV 26 5870 |
| | ) | |
| EQUIFAX INFORMATION | ) | MERLE, J. |
| SERVICES LLC | ) | |
| Defendant, | ) | DUNST, M.J. |
| | ) | |

RECEIVED
SEP 22 2026
EDNY PRO SE OFFICE

## I. COMPLAINT

Plaintiff Deon Meerabux ("Mr. Meerabux") brings this action against Defendant Equifax Information Services, LLC ("Equifax") and alleges the following:

## II. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages, as well as costs, brought by Mr. Meerabux against Equifax for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## III. JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p.

3. Equifax is subject to the provisions of the FCRA and is subject to the jurisdiction of the Court.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Mr. Meerabux

RECD IN PRO SE OFFICE
SEP 22 '26 PM2:58

resides in Nassau County, New York, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## IV. PARTIES

5. Mr. Meerabux is a natural person residing in Merrick, Nassau County, New York.

6. Mr. Meerabux is a Consumer as defined by 15 U.S.C. § 1681a(c).

7. Equifax is a Georgia corporation, with a primary business address of 1550 Peachtree Street NW., Atlanta, GA 30309.

8. Equifax is a nationwide Consumer Reporting Agency ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Equifax is aware of its obligations under the FCRA.

9. At all relevant times, any reference to "Equifax" or "Defendant" includes its agents, employees, representatives, officers, directors, subsidiaries, affiliates, parents, successors, assigns, contractors, and all persons or entities acting on its behalf or under its control, whether directly or indirectly.

## V. FACTS OF THE COMPLAINT

10. The FCRA requires every consumer reporting agency to clearly and accurately disclose

to the consumer all information in the consumer's file at the time of the request pursuant to 15 U.S.C. § 1681g(a)(1), given that the consumer provides proper identification at the time of that request.

11. Congress imposes two independent requirements on consumer reporting agencies under 15 U.S.C. § 1681g(a)(1): that consumer disclosures must be made (1) clearly and (2) accurately so that consumers may fully understand the contents of their respective files.

12. These requirements are intended to allow consumers to compare disclosed information with their own records, identify inaccuracies, and correct them before the information is disclosed to third parties.

13. A consumer reporting agency that provides a disclosure that is neither clear nor accurate, or that omits pertinent information required to identify, understand, and verify the contents of the file, fails to provide the disclosure as required by the FCRA.

14. On July 15, 2026, Mr. Meerabux requested his Equifax consumer file disclosure via AnnualCreditReport.com.

15. Mr. Meerabux provided Equifax with all of the proper identification required under 15 U.S.C. § 1681h, thus triggering Equifax's obligation to provide a complete consumer file disclosure.

16. Equifax immediately furnished Mr. Meerabux a digital copy of his consumer file disclosure which was dated July 15, 2026 and issued under confirmation number 6196548710.

17. Mr. Meerabux requested, received, and reviewed his disclosure while residing in Merrick, Nassau County, New York.

18. The disclosure was not clear because the information was presented in a manner that

Mr. Meerabux could not easily understand. The disclosure prevented him/her from reliably matching the reported information to his own records or meaningfully investigating it with the purported furnishers.

19. The disclosure was also incomplete and inaccurate because it omitted material information that upon information and belief, Equifax maintained or could access at the time of Mr. Meerabux's request.

20. As a result, Equifax failed to clearly and accurately disclose all information in Mr. Meerabux's file, in violation of 15 U.S.C. § 1681g(a)(1).

## VI. ACCOUNT AT ISSUE

21. Any reference to the accounts or account items at issue refers to the following accounts which were identified in the disclosure dated July 15, 2026, bearing confirmation number 6196548710. See **Exhibit A.**

- JPMCB CARD SERVICES, partial account number 8314
- TD BANK, partial account number 8577
- JPMCB CARD SERVICES, partial account number 6390

22. Specifically, with respect to the named accounts, Equifax failed to clearly and accurately disclose the full account numbers and account identifiers associated with the accounts, despite having access to them at the time of Mr. Meerabux's request.

23. Instead, Equifax disclosed only partial account numbers and account identifiers, limited to four characters for the account (e.g.,"*8314"), while withholding, truncating, or omitting the remaining digits and characters.

24. Equifax further displayed asterisk marks in place of the undisclosed portions, indicating

that additional information existed but was not provided.

25. Upon information and belief, Equifax maintained additional digits and full account identifiers for these accounts beyond the four digits disclosed, but failed to disclose those additional digits and omitted the remaining portions of the account numbers.

26. As a result, Mr. Meerabux was unable to confidently and reliably match the disclosed accounts to his own records or confidently and reliably verify the accuracy and completeness of the information contained in his consumer file.

27. Upon information and belief, in or around the 1990s, Equifax previously disclosed more than four digits of consumers' account numbers and provided fuller account identifiers in consumer file disclosures and consumer reports, as evidenced by the historical Equifax evidence attached. See **Exhibit B**.

28. in Heather Gillespie and Angela Cinson v. Equifax Information Services LLC, Case No. 05-C-0138 (N.D. Ill.), Equifax submitted an affidavit from Alicia Fluellen, Director of the Office of Consumer Affairs for Equifax Information Services LLC. Ms. Fluellen testified that, on December 2, 2024, Heather Gillespie requested a copy of his consumer report, which Equifax referred to as a consumer disclosure, and that Equifax provided it that same day. The affidavit and disclosure show the Direct Merchants and Sherman entries and display the account number "545800180305". See **Exhibit C**.

29. This demonstrates that Equifax possessed the capability to disclose more than four digits of account numbers in consumer file disclosures when consumers request their files but now chooses, as a matter of practice and procedure, to withhold and omit that information.

30. Equifax was therefore capable of providing more complete account identifiers at the

time of Mr. Meerabux's request.

31. This capability is further demonstrated by the fact that other consumer reporting agencies, including TransUnion and Experian, provide more than four digits of account numbers and fuller account identifiers when consumers request disclosures through the centralized source, AnnualCreditReport.com.

32. Upon information and belief, with respect to the accounts at hand, Equifax maintained or had access to, but failed to clearly and accurately disclose material account-level information, including:

- The date of last activity, actual payment amount, term duration, date major delinquency 1st reported, charge off amount, deferred payment start date, balloon payment amount, balloon payment date, and the payment history for October 2016 through January 2021 for the JPMCB Card Services account, partial account number 8314;
- The date of last activity, scheduled payment amount, actual payment amount, term duration, date closed, deferred payment start date, balloon payment amount, balloon payment date, and the payment history for February 2023 through August 2023 and June 2026 for the TD Bank account, partial account number 8577;
- The balance, actual payment amount, term duration, date of 1st delinquency, date major delinquency 1st reported, amount past due, charge off amount, date closed, activity designator, deferred payment start date, balloon payment amount, balloon payment date, and the payment history for October 2016 through October 2019 for the JPMCB Card Services account, partial account number 6390.

33. Despite the disclosure identifying derogatory account information for these accounts,

these applicable fields were left blank, incomplete, withheld, truncated, and/or omitted.

34. Upon information and belief, Equifax possessed and maintained the capability, through its systems, data repositories, furnishing relationships, agreements governing the transmission of Metro 2® and other account-level data, data pipelines, vendors, affiliates, and integrated consumer reporting infrastructure, to disclose additional account identifiers and the applicable account-level information relating to the accounts at issue.

35. That capability is demonstrated by Equifax's historical consumer disclosures and consumer reports in which fuller account identifiers, and the same types of account-level information have been disclosed for other accounts.

36. Upon information and belief, the furnisher of the accounts at issue provided Equifax with complete account numbers or more than four digits of the identifiers, as well as the applicable account level information identified above.

37. Upon information and belief, Equifax maintained this information within its systems or otherwise had it within its possession, custody, control, or practical ability to access at the time of Mr. Meerabux's request, regardless of where the information was stored. Yet, despite having access to that information, Equifax failed to clearly and accurately disclose it.

38. The information alleged to have been incomplete, truncated, omitted, or not clearly and accurately disclosed consists of material account-level information necessary for Mr. Meerabux to identify the accounts, match them to his records, detect inaccuracies or omissions, investigate the information with the purported furnisher, and prepare a meaningful dispute.

39. Without this information, Mr. Meerabux could not fully understand, verify, or

meaningfully challenge the information maintained in his consumer file.

40. This impaired Mr. Meerabux's ability to utilize the dispute and re-investigation procedures set forth under 15 U.S.C. § 1681i and undermined the purpose of 15 U.S.C. § 1681g(a)(1).

## VII. STATUTORY FRAMEWORK

41. The Fair Credit Reporting Act requires that a consumer reporting agency, upon request, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a)(1).

42. The FCRA does not require Mr. Meerabux to show an inaccuracy in reporting to establish a violation of the disclosure provision itself. Section 1681g(a)(1) imposes a distinct duty to disclose information in a consumer's file upon request.

43. The requirement to disclose all information in a consumer's file is not limited by the manner or location in which the information is stored.

44. A consumer reporting agency must disclose information it maintains or can access even if that information is kept in separate systems or databases, because restricting disclosure based on storage location would undermine and defeat the purpose of the FCRA.

45. Two independent requirements are imposed under 15 U.S.C. § 1681g(a)(1): that disclosures must be made clearly and accurately so consumers may fully understand the contents of their files.

46. A disclosure that is unclear, or that omits or truncates material information contained in a consumer's file does not satisfy the requirements of 15 U.S.C. § 1681g(a)(1).

47. Webster's Third New International Dictionary (3d ed. 1986) defines "clearly" as in a

clear manner, without doubt or confusion, and "accurately" as in an accurate manner.

48. Equifax's disclosure omitted applicable data fields, left fields blank without explanation, and failed to provide sufficient information for Mr. Meerabux to identify and understand the accounts.

49. To provide a clear disclosure, Equifax was required to present the information in a manner that allowed Mr. Meerabux to understand the contents of his file, identify the information being reported, match it to his records, and determine whether material information had been omitted.

50. In order to provide an accurate disclosure, Equifax was required to accurately and completely disclose all information contained in, or otherwise maintenance as part of, Mr. Meerabux's consumer file at the time of his request, regardless of where or how it was stored

51. Equifax failed to provide sufficient context or explanation to enable Mr. Meerabux to understand the disclosed information or recognize the scope of the omitted information.

52. The omissions impaired Mr. Meerabux's ability to identify the accounts, research their origin with the purported furnishers, match the accounts to his records, and verify the completeness, clarity and accuracy of his consumer disclosure.

53. This impairment prevented Mr. Meerabux from meaningfully utilizing the dispute and reinvestigation procedures set forth under 15 U.S.C. § 1681i.

54. As a result, Equifax failed to provide a clear and accurate disclosure and violated Mr. Meerabux's rights under 15 U.S.C. § 1681g(a)(1).

## VIII. ACTUAL DAMAGES

55. As a result of Equifax's failure to clearly and accurately disclose all information contained in Mr. Meerabux's consumer file at the time of his request, he was required to spend time attempting to interpret and understand a materially incomplete and confusing disclosure.

56. Mr. Meerabux reviewed the disclosure multiple times and repeatedly attempted to match the incomplete and truncated information to his personal records, but could not do so reliably.

57. The omissions impaired Mr. Meerabux's ability to meaningfully review, understand, investigate, and verify the completeness, clarity, and accuracy of the information in his consumer file disclosure.

58. Because Equifax withheld complete account identifiers, Mr. Meerabux could not confidently determine whether each reported account corresponded to his transactions or to a different account, transaction, or individual.

59. The incomplete identifiers and omitted account-level information caused Mr. Meerabux confusion, frustration, anger, anxiety, and emotional distress and made investigating the information with the purported furnishers more difficult.

60. Equifax's omissions prevented Mr. Meerabux from preparing a complete, meaningful, informed, and effective dispute concerning the information maintained in his consumer file.

61. Had Equifax clearly and accurately disclosed all information in his file, Mr. Meerabux

could have compared the information to his records, investigated it with the purported furnishers, identified potential inaccuracies, or omissions, and prepared a more precise and informed dispute.

62. Equifax's failure deprived Mr. Meerabux of that opportunity and caused concrete informational harm, lost time, confusion, frustration, anxiety, anger, and emotional distress.

63. Equifax's failure to clearly and accurately disclose all information in Mr. Meerabux's file was a direct and proximate cause of his harm.

## IX. WILLFUL VIOLATIONS OF THE FCRA

64. Equifax's violations of the Fair Credit Reporting Act were willful.

65. Equifax knew, or recklessly disregarded that 15 U.S.C. § 1681g(a)(1) requires a consumer reporting agency to clearly and accurately disclose all information in a consumer's file upon request.

66. Upon information and belief, Equifax possessed and maintained the capability, through its systems, policies, procedures and maintained the capability, through its systems, policies, procedures, date repositories, furnishing relationships, Metro 2® reporting infrastructure, vendors, affiliates, and integrated consumer-reporting systems, to disclose the omitted information identified in this Complaint.

67. Equifax's historical consumer disclosures, consumer reports, litigation submissions, and sworn affidavit testimony demonstrates that Equifax has previously disclosed more than four digits of account numbers and additional account-level information to consumers.

68. Upon information and belief, Equiax's failure was not an isolated error. It resulted from

policies, practices, procedures, disclosure templates, or systems that truncate, omit, or withhold material account identifiers and account-level information from consumer file disclosures.

69. Upon information and belief, Equifax knew, or recklessly disregarded, that these disclosure practices would impair consumers' ability to identify accounts, compare information with their records, investigate it with furnishers, and determine whether their files were complete, clear, and accurate.

70. Despite that knowledge, Equifax furnished Mr. Meerabux a consumer file that omitted and truncated material information while representing that it constituted the disclosure required by 15 U.S.C. § 1681g(a)(1).

71. Equifax's conduct was knowing or, at minimum, constituted a reckless disregard of its statutory obligations. Accordingly, Equifax's violations were wilful within the meaning of 15 U.S.C. 1681n.

## X. COUNT I

**Violation of 15 U.S.C. § 1681g(a)(1) (Failure to Clearly and Accurately Disclose All Information in Mr. Meerabux's File)**

72. Mr. Meerabux incorporates by reference all preceding paragraphs as though fully set forth herein.

73. Pursuant to 15 U.S.C. § 1681g(a)(1), Equifax was required, upon request, to clearly and accurately disclose to Mr. Meerabux all information in Mr. Meerabux's consumer file at the time of the request.

74. Equifax violated this requirement by failing to provide a disclosure that was clear,

complete, and accurate. As alleged above, Equifax omitted, truncated, and suppressed material information, including full account identifiers and critical account-level data fields necessary for Mr. Meerabux to understand and verify the contents of Mr. Meerabux's file.

75. Equifax's disclosure presented Mr. Meerabux with a distorted and incomplete picture of Mr. Meerabux's consumer file, preventing Mr. Meerabux from meaningfully identifying the accounts reported, matching them to Mr. Meerabux's own records, and verifying their accuracy.

76. As a direct and proximate result of Equifax's violations, Mr. Meerabux suffered actual damages, including loss of time, frustration, and emotional distress, as well as informational harm resulting from the denial of statutorily required information.

77. Equifax's violations were willful and/or negligent, entitling Mr. Meerabux to statutory damages, actual damages, punitive damages, and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

## XI. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Mr. Meerabux respectfully requests that this Honorable Court enter judgment against Equifax as follows:

a. The greater of statutory damages of up to $1,000 per violation or Mr. Meerabux's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or, in the alternative, actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Costs of the action; and

d. Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Deon Meerabux
2885 Charlotte Drive
Merrick, NY 11566
Email: mrdmeerabux@outlook.com

## ATTACHMENTS / EXHIBITS

a. **Exhibit A:** A true and correct copy of Mr. Meerabux's consumer file disclosure, dated July 15, 2026, and bearing confirmation number 6196548710.

b. **Exhibit B:** Equifax's historical consumer file disclosure/consumer report it used to provide when consumers requested, displaying full account numbers.

c. **Exhibit C:** Affidavit from Alicia Fluellen, Director of the Office of Consumer Affairs for Equifax Information Services LLC, discussing the consumer file provided to Heather Gillespie.

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2026, a true and correct copy of the foregoing Complaint and Demand for Jury Trial was served upon Defendant Equifax Information Services LLC, through its registered agent for service of process, via certified mail and/or electronic service, in accordance with the Federal Rules of Civil Procedure.

Respectfully Submitted,

Deon Meerabux
2885 Charlotte Drive
Merrick, NY 11566
Email: mrdmeerabux@outlook.com

**Exhibit A**

EQUIFAX

Credit Report

Date: July 15, 2026
Confirmation # 6196548710

Prepared for:
**DEON M MEERABUX**

## *DID YOU KNOW?*

*If you find something in your report that looks like a mistake, contact us at* ***equifax.com/personal/disputes*** *or call 888-EQUIFAX (888-378-4329) to start a new dispute or check the status of your dispute.*

*There are many types of consumer reporting agencies, including credit bureaus and specialty agencies. A list can be found by accessing the CFPB's website at:* ***consumerfinance.gov/consumer-tools/credit-reports-and-scores/consumer-reporting-companies/companies-list***
*Looking for telecommunications, pay TV, and utility data? That information is maintained by a different company, the National Consumer Telecom and Utilities Exchange (NCTUE), and can be accessed at:* ***nctue.com/consumer***

DEON M MEERABUX

Date: July 15, 2026
Confirmation # 6196548710

# An Overview of Your Credit Report

Your credit report provides different types of information, including:

**Personal Information**
This section includes your name (including any former names), current and previous addresses and phone numbers, employment data, Social Security number, and birthdate. Personal information is provided by you or your lenders and creditors. While this information is not used to calculate credit scores it is important to check for typos and any unfamiliar information.

**Consumer File Notices**
Notices on your credit report can include fraud and active duty alerts, security freezes or locks, and opt-outs of receiving prescreened offers of credit or insurance. You can also choose to add a consumer statement to your credit report to provide an explanation for why you missed a payment or why you believe something is being reported incorrectly. For more information on these consumer added notices **visit equifax.com/personal/help/.**

**Account Information**
Your credit report can include all types of credit accounts, such as revolving accounts, mortgage accounts, and any other installment loans or open lines of credit. When reviewing your account information, make sure accounts listed belong to you and look for the following:

- **Account Status:** See if an account is open, closed, paid on time, or past due. Closed accounts should have no money owed.
- **Payment History:** Check if you made payments on time for each account. Paying on time helps your credit, while late or missed payments hurt it. Payment history is provided, where available, for each account. To view up to 24 months of your historical payment and balance data, log in to your 'myEquifax' account at www.myequifax.com.
- **Credit Limits and Balances:** Look at the credit limits on credit cards and compare them to what you owe. It's better to keep the balance low compared to the limit. This helps improve your credit.
- **Account Types:** Notice the different kinds of credit accounts you have (like credit cards, loans, mortgages). Having a mix of account types is good for your credit.

**Negative Information (Collections and Bankruptcy Public Records)**
Be aware of any negative details such as late payments, debts that were given up on, or money owed to collections. Bankruptcies may also be shown on your credit report. These negative items can hurt your credit score. If there's something there, make sure it's correct and up to date.

**Inquiries**
This section shows who accessed your credit report and when. Too many hard inquiries can negatively impact your credit score and any unfamiliar inquiries may be a sign of identity theft.

---

**If you find information you believe to be incorrect, you may visit us at equifax.com/personal/disputes or call us at 888-EQUIFAX (888-378-4329) to submit a dispute.** You may also mail your dispute request to: Equifax | PO Box 740241 | Atlanta, GA 30374

Note: When you provide documents to Equifax as part of your dispute, including a letter, the documents may be submitted to one or more companies whose information are the subject of your dispute.

Date: July 15, 2026
Confirmation # 6196548710

# Your Credit Report

## Summary

A quick view of key information contained in your Equifax Credit Report.

| | |
|---|---|
| **Report Date** | July 15, 2026 |
| **Average Account Age** | 8 Years, 7 Months |
| **Length of Credit History** | 13 Years, 6 Months |
| **Oldest Account** | CAPITAL ONE BANK USA NA \| January 2013 |
| **Most Recent Account** | TD BANK \| February 2023 |

# Personal Information

Creditors use your personal information to identify you. This information has **no impact** on your credit score.

**DEON M MEERABUX**

2885 CHARLOTTE DR, MERRICK, NY 11566
Social Security Number: **XXX-XX-5140**
Date of Birth: **07/20/1976**

**Former Name(s):**
DEON MEERA

**Former Address(es):**
610 CLARKSON AVE, BROOKLYN, NY 11203
675 SNEDIKER AVE, BROOKLYN, NY 11207

**Consumer Statement:**
No Statement on file.

**Employment Information:**
None

**Former Phone Number(s):**
None

**Consumer File Notices:**
None

DEON M MEEKABOX

Date: July 15, 2026
Confirmation # 6196548710

## JPMCB CARD SERVICES - Closed

PO BOX 15369, WILMINGTON, DE 19850-5369 | (800) 945-2000
Account Number: ***8314** | Owner: **Individual Account**
Loan/Account Type: **Flexible Spending Credit Card** | Status: **Over 120 Days Past Due**

Date Reported: **07/06/2026** | Balance: **$37,494**
Credit Limit: **$36,100** | High Credit: **$44,871**

Date Opened: **10/24/2016**
Date of Last Activity: -
Scheduled Payment Amount: **$980**
Actual Payment Amount: -
Date of Last Payment: **03/03/2026**
Term Duration: -

Date of 1st Delinquency: **04/02/2026**
Date Major Delinquency 1st Reported: -
Amount Past Due: **$3,681**
Charge Off Amount: -
Date Closed: **06/06/2026**
Activity Designator: **Closed**

Terms Frequency: **Monthly**
Months Reviewed: **65**
Deferred Payment Start Date: -
Balloon Payment Amount: -
Balloon Payment Date: -
Narrative Code(s): **065, 275, 262**

### Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | | | | 30 | 60 | 90 | - | - | - | - | - | - |
| 2025 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | | | |
| 2023 | | | | | | | | | | | | |
| 2022 | | | | | | | | | | | | |
| 2021 | - | | | | | | | | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | - | No Data Available |

### 24 Month History

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|
| 06/26 | $36,888 | $983 | - | 03/03/2026 | $2,732 | $44,871 | $36,100 | 275, 233 |
| 05/26 | $36,274 | $949 | - | 03/03/2026 | $1,780 | $44,871 | $36,100 | 275, 233 |
| 04/26 | $35,688 | $952 | - | 03/03/2026 | $896 | $44,871 | $36,100 | 275, 233 |
| 03/26 | $35,135 | $885 | - | 03/03/2026 | - | $44,871 | $36,100 | 275, 233 |
| 02/26 | $35,481 | $922 | - | 02/06/2026 | - | $44,871 | $36,100 | 275, 233 |
| 01/26 | $34,877 | $903 | - | 01/02/2026 | - | $44,871 | $36,100 | 275, 233 |
| 12/25 | $35,104 | $896 | - | 12/03/2025 | - | $44,871 | $36,100 | 275, 233 |
| 11/25 | $35,179 | $919 | - | 11/03/2025 | - | $44,871 | $38,500 | 275, 233 |
| 10/25 | $35,472 | $916 | - | 10/03/2025 | - | $44,871 | $38,500 | 275, 233 |
| 09/25 | $35,818 | $950 | - | 09/03/2025 | - | $44,871 | $38,500 | 275, 233 |
| 08/25 | $36,004 | $956 | - | 08/03/2025 | - | $44,871 | $38,500 | 275, 233 |
| 07/25 | $36,311 | $945 | - | 07/03/2025 | - | $44,871 | $38,500 | 275, 233 |
| 06/25 | $36,659 | $973 | - | 06/03/2025 | - | $44,871 | $38,500 | 275, 233 |
| 05/25 | $36,971 | $961 | - | 05/02/2025 | - | $44,871 | $38,500 | 275, 233 |
| 04/25 | $37,326 | $990 | - | 04/03/2025 | - | $44,871 | $38,500 | 275, 233 |
| 03/25 | $37,604 | $938 | - | 03/03/2025 | - | $44,871 | $41,000 | 275, 233 |
| 02/25 | $38,010 | $1,011 | - | 02/06/2025 | - | $44,871 | $41,000 | 275, 233 |
| 01/25 | $38,354 | $1,018 | - | 01/03/2025 | - | $44,871 | $41,000 | 275, 233 |
| 12/24 | $38,693 | $1,017 | - | 12/06/2024 | - | $44,871 | $41,000 | 275, 233 |
| 11/24 | $39,074 | $1,054 | - | 11/03/2024 | - | $44,871 | $41,000 | 275, 233 |
| 10/24 | $39,368 | $1,042 | - | 10/03/2024 | - | $44,871 | $41,000 | 275, 233 |
| 09/24 | $39,649 | $1,087 | - | 09/03/2024 | - | $44,871 | $41,000 | 275, 233 |
| 08/24 | $39,969 | $1,096 | - | 08/02/2024 | - | $44,871 | $43,100 | 275, 233 |
| 07/24 | $40,313 | $1,083 | - | 07/03/2024 | - | $44,871 | $43,100 | 275, 233 |

| Narrative Code | Narrative Code Description |
|---|---|
| 065 | Account Closed By Credit Grantor |
| 233 | Amount in High Credit Column is Credit Limit |
| 262 | 120 Days Past Due |
| 275 | Flexible Spending Credit Card |

DEON M MEERABUX

Date: July 15, 2026
Confirmation # 6196548710

## TD BANK - Closed

PO Box 71466, Philadelphia, PA 19176-146 | (800) 462-3666
Account Number: ***8577** | Owner: **Joint Account**
Loan/Account Type: **Credit Card** | Status: **Charge Off**

Date Reported: **06/30/2026** | Balance: **$11,931**
Credit Limit: **$12,000** | High Credit: **$13,932**

Date Opened: **02/10/2023**
Date of Last Activity: -
Scheduled Payment Amount: -
Actual Payment Amount: -
Date of Last Payment: **08/13/2024**
Term Duration: -

Date of 1st Delinquency: **06/27/2024**
Date Major Delinquency 1st Reported: **09/30/2025**
Amount Past Due: **$11,931**
Charge Off Amount: **$11,931**
Date Closed: -
Activity Designator: **Closed**

Terms Frequency: **Monthly**
Months Reviewed: **33**
Deferred Payment Start Date: -
Balloon Payment Amount: -
Balloon Payment Date: -
Narrative Code(s): **067, 065, 002**

### Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2026 | CO | CO | CO | CO | CO | - | - | - | - | - | - | - |
| 2025 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2024 | | | | | | | | 30 | 60 | 60 | 90 | 120 |
| 2023 | - | - | - | - | - | - | - | - | | | | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 120 | 120 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure | C | Collection Account |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate | - | No Data Available |

### 24 Month History

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Last Payment Date | Past Due Amount | High Credit | Credit Limit | Narrative Codes |
|---|---|---|---|---|---|---|---|---|
| 05/26 | $11,931 | - | - | 08/13/2024 | $11,931 | $13,932 | $12,000 | 067, 065, 002, 233 |
| 04/26 | $11,931 | - | - | 08/13/2024 | $11,931 | $13,932 | $12,000 | 067, 065, 002, 233 |
| 03/26 | $11,931 | - | - | 08/13/2024 | $11,931 | $13,932 | $12,000 | 067, 065, 002, 233 |
| 02/26 | $11,931 | - | - | 08/13/2024 | $11,931 | $13,932 | $12,000 | 067, 065, 002, 233 |
| 01/26 | $11,931 | - | - | 08/13/2024 | $11,931 | $13,932 | $12,000 | 067, 065, 002, 233 |
| 12/25 | $11,931 | - | - | 08/13/2024 | $11,931 | $13,932 | $12,000 | 067, 065, 002, 233 |
| 11/25 | $11,931 | - | - | 08/13/2024 | $11,931 | $13,932 | $12,000 | 067, 065, 002, 233 |
| 10/25 | $11,931 | - | - | 08/13/2024 | $11,931 | $13,932 | $12,000 | 067, 065, 002, 233 |
| 09/25 | $11,931 | - | - | 08/13/2024 | $11,931 | $13,932 | $12,000 | 067, 002, 233, 174 |

| Narrative Code | Narrative Code Description |
|---|---|
| **002** | Credit Card |
| **065** | Account Closed By Credit Grantor |
| **067** | Charged Off Account |
| **174** | Amount In High Credit is Original Charge-Off Amount |
| **233** | Amount in High Credit Column is Credit Limit |

DEON M MEERABUX

Date: July 15, 2026
Confirmation # 6196548710

## FREEDOM MORTGAGE

11988 EXIT 5 PRKWY BLDG 4, Fishers, IN 46037-7939 | (317) 537-3748
Account Number: ***3223** | Owner: **Joint Account**
Loan/Account Type: **FHA Real Estate Mortgage** | Status: **Pays As Agreed**

Date Reported: **09/30/2023** | Balance: -
Credit Limit: - | High Credit: **$565,221**

Date Opened: **11/03/2017**
Date of Last Activity: **09/01/2023**
Scheduled Payment Amount: **$4,686**
Actual Payment Amount: **$4,686**
Date of Last Payment: **09/01/2023**
Term Duration: **30 Years**

Date of 1st Delinquency: -
Date Major Delinquency 1st Reported: -
Amount Past Due: -
Charge Off Amount: -
Date Closed: -
Activity Designator: -

Terms Frequency: **Monthly**
Months Reviewed: **70**
Deferred Payment Start Date: -
Balloon Payment Amount: -
Balloon Payment Date: -
Narrative Code(s): **127, 150**

Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | - | - | - | - |
| 2022 | | | | | | | | | | | | |
| 2021 | | | | | | | | | | | | |
| 2020 | | | | | | - | - | | | | | |
| 2019 | - | - | - | - | - | - | - | - | - | - | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due | 
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate |

| | |
|---|---|
| 120 | 120 Days Past Due |
| C | Collection Account |
| - | No Data Available |

| Narrative Code | Narrative Code Description |
|---|---|
| 127 | Real Estate Mortgage |
| 150 | FHA Mortgage |

## JPMCB CARD SERVICES

PO BOX 15369, WILMINGTON, DE 19850-5369 | (800) 945-2000
Account Number: ***6390** | Owner: **Individual Account**
Loan/Account Type: **Flexible Spending Credit Card** | Status: **Pays As Agreed**

Date Reported: **10/06/2023** | Balance: -
Credit Limit: **$43,100** | High Credit: **$44,871**

Date Opened: **10/24/2016**
Date of Last Activity: **10/01/2023**
Scheduled Payment Amount: **$1,120**
Actual Payment Amount: -
Date of Last Payment: **10/01/2023**
Term Duration: -

Date of 1st Delinquency: -
Date Major Delinquency 1st Reported: -
Amount Past Due: -
Charge Off Amount: -
Date Closed: -
Activity Designator: -

Terms Frequency: **Monthly**
Months Reviewed: **83**
Deferred Payment Start Date: -
Balloon Payment Amount: -
Balloon Payment Date: -
Narrative Code(s): **275**

Payment History

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | | - | - | - |
| 2022 | | | | | | | | | | | | |
| 2021 | | | | | | | | | | | | |
| 2020 | | | | | | | | | | | | |
| 2019 | - | - | - | - | - | - | - | - | - | - | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | Paid on Time | 30 | 30 Days Past Due | 60 | 60 Days Past Due | 90 | 90 Days Past Due |
| 150 | 150 Days Past Due | 180 | 180 Days Past Due | V | Voluntary Surrender | F | Foreclosure |
| CO | Charge Off | B | Included in Bankruptcy | R | Repossession | TN | Too New to Rate |

| | |
|---|---|
| 120 | 120 Days Past Due |
| C | Collection Account |
| - | No Data Available |

| Narrative Code | Narrative Code Description |
|---|---|
| 275 | Flexible Spending Credit Card |

DEON M MEERABUX

Date: July 15, 2026
Confirmation # 6196548710

***Para información en español, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street NW, Washington, DC 20552.***

**A Summary of Your Rights Under the Fair Credit Reporting Act**

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under FCRA. **For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street NW, Washington, DC 20552.**

- **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment – or to take another adverse action against you – must tell you, and must give you the name, address, and phone number of the agency that provided the information.
- **You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:
  - a person has taken adverse action against you because of information in your credit report;
  - you are the victim of identity theft and place a fraud alert in your file;
  - your file contains inaccurate information as a result of fraud;
  - you are on public assistance;
  - you are unemployed but expect to apply for employment within 60 days.

  In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore for additional information.
- **You have the right to ask for a credit score.** Credit scores are numerical summaries of your creditworthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.
- **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.
- **Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete, or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

- **Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.
- **Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need – usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.
- **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.
- **You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt out with the nationwide credit bureaus at 1-888-5-OPTOUT (1-888-567-8688).
- The following FCRA right applies with respect to nationwide consumer reporting agencies:

**CONSUMERS HAVE THE RIGHT TO OBTAIN A SECURITY FREEZE**

**You have a right to place a "security freeze" on your credit report, which will prohibit a consumer reporting agency from releasing information in your credit report without your express authorization.** The security freeze is designed to prevent credit, loans, and services from being approved in your name without your consent. However, you should be aware that using a security freeze to take control over who gets access to the personal and financial information in your credit report may delay, interfere with, or prohibit the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, or any other account involving the extension of credit.

As an alternative to a security freeze, you have the right to place an initial or extended fraud alert on your credit file at no cost. An initial fraud alert is a 1-year alert that is placed on a consumer's credit file. Upon seeing a fraud alert display on a consumer's credit file, a business is required to take steps to verify the consumer's identity before extending new credit. If you are a victim of identity theft, you are entitled to an extended fraud alert, which is a fraud alert lasting 7 years.

A security freeze does not apply to a person or entity, or its affiliates, or collection agencies acting on behalf of the person or entity, with which you have an existing account that requests information in your credit report for the purposes of reviewing or collecting the account. Reviewing the account includes activities related to account maintenance, monitoring, credit line increases, and account upgrades and enhancements.

- **You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.
- **Identity theft victims and active duty military personnel have additional rights.** For more information, visit www.consumerfinance.gov/learnmore.

DEON M MEERABUX

Date: July 15, 2026
Confirmation # 6196548710

**States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. For information about your federal rights, contact:**

| TYPE OF BUSINESS: | CONTACT: |
|---|---|
| 1.a. Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates.<br><br>b. Such affiliates that are not banks, savings associations, or credit unions also should list, in addition to the CFPB: | a. Consumer Financial Protection Bureau<br>1700 G Street, NW<br>Washington, DC 20552<br><br>b. Federal Trade Commission<br>Consumer Response Center<br>600 Pennsylvania Avenue, NW<br>Washington, DC 20580<br>(877) 382-4357 |
| 2. To the extent not included in item 1 above:<br><br>a. National banks, federal savings associations, and federal branches and federal agencies of foreign banks<br><br>b. State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies, and Insured State Branches of Foreign Banks), commercial lending companies owned or controlled by foreign banks, and organizations operating under section 25 or 25A of the Federal Reserve Act.<br><br>c. Nonmember Insured Banks, Insured State Branches of Foreign Banks, and insured state savings associations<br><br>d. Federal Credit Unions | a. Office of the Comptroller of the Currency<br>Customer Assistance Group<br>P.O. Box 53570<br>Houston, TX 77052<br><br>b. Federal Reserve Consumer Help Center<br>P.O. Box 1200<br>Minneapolis, MN 55480<br><br>c. Division of Depositor and Consumer Protection<br>National Center for Consumer and Depositor Assistance<br>Federal Deposit Insurance Corporation<br>1100 Walnut Street, Box #11<br>Kansas City, MO 64106<br><br>d. National Credit Union Administration<br>Office of Consumer Financial Protection<br>1775 Duke Street<br>Alexandria, VA 22314 |
| 3. Air carriers | Assistant General Counsel for Office of Aviation Consumer Protection<br>Department of Transportation<br>1200 New Jersey Avenue SE<br>Washington, DC 20590 |
| 4. Creditors Subject to the Surface Transportation Board | Office of Public Assistance, Governmental Affairs, and Compliance<br>Surface Transportation Board<br>395 E Street SW<br>Washington, DC 20423 |
| 5. Creditors Subject to the Packers and Stockyards Act, 1921 | Nearest Packers and Stockyards Division Regional Office |
| 6. Small Business Investment Companies | Associate Administrator, Office of Capital Access<br>United States Small Business Association<br>409 Third Street SW, Suite 8200<br>Washington, DC 20416 |
| 7. Brokers and Dealers | Securities and Exchange Commission<br>100 F Street NE<br>Washington, DC 20549 |
| 8. Institutions that are members of the Farm Credit System | Farm Credit Administration<br>1501 Farm Credit Drive<br>McLean, VA 22102-5090 |
| 9. Retailers, Finance Companies, and All Other Creditors Not Listed Above | Federal Trade Commission<br>Consumer Response Center<br>600 Pennsylvania Avenue, NW<br>Washington, DC 20580<br>(877) 382-4357 |

# EXHIBIT B

*Please address all future correspondence to this address*

EQUIFAX CREDIT INFORMATION SERVICES
P O BOX 740256
ATLANTA, GA 30374

(800)878-4034

DATE 09/03/94

## CREDIT HISTORY

| Company Name | Account Number | Whose Acct. | Date Opened | Months Reviewed | Date Of Last Activity | High Credit | Terms | Balance | Past Due | Status | Date Reported |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ABC CR CRD | 45612896547 | I | 03/89 | 29 | 02/93 | 1000 | 15 | 300 | | R1 | 03/93 |
| AMOUNT IN H/C COLUMN IS CREDIT LIMIT | | | | | | | | | | | |
| ABC CR CRD | 155588678456 | J | 12/92 | | | 1000 | | 0 | | R0 | 03/93 |
| AMOUNT IN H/C COLUMN IS CREDIT LIMIT | | | | | | | | | | | |
| ABC DEPT S | 8449-1124667688 | I | 09/89 | 10 | 08/90 | 1500 | | 0 | | I1 | 08/90 |
| CLOSED ACCOUNT | | | | | | | | | | | |
| ABC DEPT S | 1154667899 | I | 05/88 | 08 | 01/91 | 700 | 13 | 0 | | R1 | 02/91 |
| ACCOUNT CLOSED BY CONSUMER | | | | | | | | | | | |
| CBS DEPT S | 46855231 | I | 09/88 | 23 | 02/93 | 300 | 10 | 100 | | R1 | 04/93 |
| >>> PRIOR PAYING HISTORY - 30(02)60(00)90+(00) 02/90-R2,11/89-R2 <<< | | | | | | | | | | | |
| AMOUNT IN H/C COLUMN IS CREDIT LIMIT | | | | | | | | | | | |
| CBS DEPT S | 11-46855231 | I | 09/88 | 11 | 01/90 | 300 | 10 | 0 | | R1 | 01/90 |
| ACCOUNT TRANSFERRED OR SOLD | | | | | | | | | | | |
| AMOUNT IN H/C COLUMN IS CREDIT LIMIT | | | | | | | | | | | |
| DEPT STR | 7836428913 | I | 09/91 | 18 | 01/93 | 900 | 15 | 325 | 325 | R3 | 05/93 |
| COLLECTION ACCOUNT | | | | | | | | | | | |
| NBC SAVGLN | 36987458641 | J | 02/93 | 03 | 04/93 | 15K | 400 | 14K | | I1 | 09/93 |
| ABC CR CRD | 22113456 | A | 02/85 | 16 | 09/87 | 1000 | 10 | 0 | | R1 | 10/87 |
| ACCOUNT CLOSED BY CONSUMER | | | | | | | | | | | |
| CBS BANK | 55647K | C | 03/89 | 20 | 08/91 | 3000 | 88 | 0 | | I1 | 08/91 |
| CLOSED ACCOUNT | | | | | | | | | | | |
| TBSDEPTSTR | 324897 | A | 06/88 | 16 | 03/91 | 1000 | 12 | 0 | | R1 | 09/91 |
| BANK | 552214766 | J | 06/92 | 08 | 05/93 | 1500 | 80 | 500 | | R1 | 05/93 |

>>> COLLECTION REPORTED 03/93; ASSIGNED 01/93 TO TBS COLL (212)555-2222
CLIENT-TPD; AMOUNT-$50; PAID 03/93; BALANCE-$0 03/93
DATE OF LAST ACTIVITY 12/92; INDIVIDUAL; ACCOUNT NUMBER 4879

>>>>>>>>>>>>> COLLECTION AGENCY TELEPHONE NUMBER(S) <<<<<<<<<<<<<

TBS COLL (212)555-2222

EQUIFAX CREDIT INFORMATION SERVICES
P O BOX 740256
ATLANTA, GA 30374

MAY 09, 1994

DEAR CUSTOMER,

THANK YOU FOR REQUESTING YOUR CREDIT FILE, COMMONLY CALLED A CONSUMER CREDIT REPORT.

YOUR CREDIT REPORT CONTAINS INFORMATION RECEIVED PRIMARILY FROM THE COMPANIES WHO HAVE GRANTED YOU CREDIT AND FROM COURTHOUSE SOURCES. GREAT CARE HAS BEEN TAKEN TO REPORT THIS INFORMATION ACCURATELY. PLEASE HELP US IN ACHIEVING EVEN GREATER ACCURACY.

THE ENCLOSED FORM, "HOW TO READ YOUR CREDIT REPORT", EXPLAINS THE DIFFERENT PARTS OF A CREDIT REPORT AND WILL HELP YOU UNDERSTAND YOUR OWN CREDIT REPORT. PLEASE REVIEW ALL THE ENCLOSED MATERIAL CAREFULLY.

IF THERE ARE ANY ITEMS WHICH YOU BELIEVE ARE INCORRECT, PLEASE COMPLETE THE RESEARCH REQUEST FORM PROVIDED AND RETURN IT TO THE ADDRESS SHOWN IN THE UPPER RIGHT-HAND CORNER OF YOUR CREDIT REPORT. SENDING IT TO ANY OTHER ADDRESS WILL DELAY THE PROCESSING OF YOUR REQUEST.

EQUIFAX IS CONTINUING TO DEVELOP WAYS THAT ASSIST YOU IN UNDERSTANDING YOUR CREDIT INFORMATION. WE WELCOME ANY SUGGESTIONS AND COMMENTS YOU MAY HAVE.

THANK YOU FOR GIVING EQUIFAX CREDIT INFORMATION SERVICES THE OPPORTUNITY TO SERVE YOU.

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HEATHER GILLESPIE and ANGELA CINSON, individually and on behalf of all similarly situated individuals, | ) | |
| Plaintiffs, | ) | Case No. 05-C-0138 |
| v. | ) | Judge Kennelly<br>Magistrate Judge Ashman |
| EQUIFAX INFORMATION SERVICES LLC, | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF ALICIA FLUELLEN

1. I am a Director in the Office of Consumer Affairs for Equifax Information Services, LLC, successor in interest of Equifax Credit Information Services, Inc. ("Equifax"). I am over the age of 21 and otherwise competent to testify.

2. As director in the Office of Consumer Affairs, my duties entail investigating and supervising the investigations into consumer disputes. I have reviewed the Equifax's records concerning the credit history and handling of plaintiffs' credit file. I have personal knowledge of the facts herein stated, except to the extent that I state herein another source for my knowledge.

3. Equifax is a consumer reporting agency as defined by the FCRA § 1681a(f). Equifax assembles and produces credit reports for use by its clients in evaluating the potential credit risk of consumers.

4. Equifax accepts information on a consumer's credit only from those sources of credit information, which includes banks, creditors and merchants, which,

either on the basis of its prior experience, or because of the particular source's reputation, are determined by Equifax to be reasonably reliable sources of information.

5. In order to provide more prompt, current and complete records to its customers, Equifax operates an automated credit reporting system. A consumer's credit file is contained in a data bank stored in a computer system that is regularly updated via automated computer tapes or form information transmitted directly by credit grantors or other subscribers.

6. In order to ensure consistency and accuracy in the reporting industry, the three major consumer reporting agencies, Equifax, Trans Union and Experian Information Solutions, along with several large furnishers of credit, helped create a standardized method of reporting information to the consumer reporting agencies known as the Metro II Format.

7. The Metro 2 Format is the industry guideline and standard for reporting consumer credit information to consumer reporting agencies.

8. The reporting periods are clearly described to Equifax consumers in the "Summary of Your Rights Under the Fair Credit Reporting Act" and "Facts You Should Know" inserts which are provided to consumers when they contact Equifax to request their credit file as follows:

***FACTS YOU SHOULD KNOW***

Payment history on your credit file is supplied by credit grantors with whom you have credit. This includes both open accounts and accounts that have already been closed. Payment in full does not remove your payment history. The length of time information remains in your credit file is shown below.

Credit Accounts: Accounts paid as agreed remain for up to 10 years.
Accounts not paid as agreed remain for 7 years.

Collection Accounts: Remain for 7 years.

9. Equifax maintains separate credit files on Plaintiffs Heather Gillespie ("Plaintiff Gillespie") and Angela Cinson ("Plaintiff Cinson").

10. On December 2, 2004, Plaintiff Gillespie requested a copy of her credit report (called a consumer disclosure) from Equifax.

11. Equifax provided this report to Plaintiff Gillespie the same day. (*See* December 2, 2004 Disclosure attached hereto as Exhibit "A").

12. The report contained the following Direct Merchants and Sherman entries:

**Direct Merchants Creditcard Bk**

| Account No. | Date Creditor Description | High Open Classification | Credit Credit | Terms Limit | Terms Duration | Mnths Frequency | Activity Revd. |
|---|---|---|---|---|---|---|---|
| 545800180305 | 04/1999 | $4,800 | | | | | Transfer/Sold/Paid |

| Item as of Date Reported | Balance Charge Amount Off Amt | Amount Past Due | Date of Last Pmt | Actual Pmt Amt | Scheduled Pmt Amt | Date of Last Activity | Date Maj Del. 1st Rptd |
|---|---|---|---|---|---|---|---|
| 09/2004 | $0 | | | | $6,236 | 07/2001 | |

| Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|
| | | 12/2001 |

Current Status – Charge Off; Type of Account – Revolving; type of Loan – Charge Account; Whose Account – Individual Account; ADDITIONAL INFORMATION – Account Transferred or Sold; Account Transferred or Sold;

| Account History With Status Codes | 08/2004 | 06/2002 | 03/2002 | 02/2002 | 01/2002 | 12/2001 | 11/2001 | 10/2001 |
|---|---|---|---|---|---|---|---|---|
| | L | L | 4 | 4 | 4 | 3 | 2 | 1 |

**Sherman Acquisition**

| Account No. | Date Creditor Open Classification | High Credit | Credit Limit | Terms Duration | Terms Frequency | Mnths Revd. | Activity Description |
|---|---|---|---|---|---|---|---|
| METRI-5800180305* | Financial | $6,236 | | | | 24 | |

| Item as of Date Reported | Balance Charge Amount Off Amt | Amount Past Due | Date of Last Pmt | Actual Pmt Amt | Scheduled Pmt Amt | Date of Last Activity | Date Maj Del. 1st Rptd |
|---|---|---|---|---|---|---|---|
| 10/2004 | $6,861 | $6,861 | | | | 9/2001 | |

| Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|
| | | |

Current Status-Over 120 Days Past Due; Type of Account – Open; Type of Loan – Factoring Company Account; Whose Account-Individual Account; ADDITIONAL INFORMATION – Collection Account